UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:12-CR-068 JD |
| ) | |
| ROBERT E. MILLER ) | |

ORDER

The Court received and has studied the government's trial brief regarding whether the failure to file an income tax return can be an affirmative act of evasion [DE 43]. The law is clear in the Seventh Circuit that to prove tax evasion, "the government must prove more than merely that the defendant willfully failed to file a tax return." *United States v. Valenti*, 121 F.3d 327, 333 (7th Cir. 1997). Consistent with this rule, the Seventh Circuit has long held that 26 U.S.C. § 7203, which prohibits the willful failure to file an income tax return is not a lesser included offense of tax evasion: "The law on this subject . . . is well settled in this Circuit. Section 7203 does not require 'an affirmative act, whereas a § 7201 offense requires some affirmative act. Failure to file without more will not sustain a conviction under § 7201." *United States v. Becker*, 965 F.2d 383, 391 (7th Cir. 1992) (quoting United States v. Foster, 789 F.2d 457, 460 (7th Cir. 1986).

Neither of the cases that the government cites cast any doubt on the matter. As the government's own brief acknowledges, in *United States v. Hassebrock*, 663 F.3d 906, 917–18 (7th Cir. 2011), "ample evidence in the record suggests that Hassebrock engaged in affirmative acts of tax evasion beyond a mere failure to file." In *United States v. Beall*, 970 F.2d 343, 346 (7th Cir. 1992), the Court merely noted that the defendant's failure to file income tax returns during years that he assigned his income showed that the purpose of the assignment—the affirmative act—was to conceal his income and evade paying taxes. Nothing in that case suggests that the mere willful failure to file an income tax return itself could establish tax evasion. Moreover, while it may be true, as the

government argues, that some other circuits hold that a failure to file a tax return can itself prove tax evasion, this court is obliged to follow the Seventh Circuit.

The Court does agree with the government, however, that evidence that Mr. Miller failed to file a tax return for one or more years may be relevant evidence of his intent to evade his legal duty to pay taxes. As noted, the rule in the Seventh Circuit is that a willful failure to file an income tax return cannot, *without more*, prove income tax evasion. *See Becker*, 965 F.2d at 391. As both *Hassebrock* and *Beall* appear to acknowledge, a defendant's failure to file his income tax return can be part of a pattern of activity that suggests that other conduct likely to have a misleading or concealing effect was in fact undertaken with the intent to violate a legal duty to pay income taxes.

Therefore, the Court intends to permit the government to introduce into evidence the defendant's failures to file his tax return. To eliminate any possibility that the jury would rely solely on this evidence to establish an affirmative act, however, the Court also intends to instruct the jury that "the mere failure to file a tax return in not an affirmative act." *See* Seventh Circuit Federal Criminal Jury Instructions 26 U.S.C. § 7201 (rev. 2012).

SO ORDERED.

ENTERED:   April 25, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court